UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMAS AFEWORKI,  )
         Petitioner, ) Case No. C09-535-RAJ-BAT
         v. )
          ) REPORT AND
DAN BAILEY, ) RECOMMENDATION
         Respondent. )

Petitioner Tomas Afeworki, a state inmate proceeding pro se, has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 2005 convictions in Snohomish County Superior Court for first degree burglary, three counts of unlawful imprisonment, and three counts of fourth degree assault. Dkt. 4. Respondent has filed an answer opposing the petition and petitioner filed a traverse to respondent's answer. Dkts. 9, 12. After careful consideration of the petition, response, and traverse, all governing authorities, and the balance of the record, the Court recommends that the petition be DENIED and this case DISMISSED with prejudice.

## I. BACKGROUND

*A. Factual background*

On January 7, 2005, petitioner took part in a home-invasion robbery. Dkt. 11, ex. 5, at 2. Police officers chased him as he ran from the scene and tackled and arrested him; petitioner was booked into Snohomish County Jail that same day. *Id.* at 7. The Washington State Court of

REPORT AND RECOMMENDATION – 1

Appeals summarized the subsequent events as follows:

> Two days later, on Sunday January 9, 2005, a district court commissioner reviewed the documents provided by the police, determined that there was probable cause and set bail at $100,000. On Monday, January 10, 2005, the prosecutor filed charges in District Court, but Afeworki did not make an appearance in District Court. On January 21, 2005, the prosecutor filed the information and affidavit of probable cause in Superior Court. On January 24, 2005, Afeworki appeared in Superior Court for his arraignment. He voiced his concern that he had not been given a preliminary appearance. On February 24, 2005, Afeworki's appointed counsel argued a motion to dismiss for misconduct based upon the untimely preliminary appearance. The trial court denied the motion.

*Id.*

The State charged petitioner with one count of first degree robbery, one count of first degree burglary, three counts of first degree kidnapping, and and three counts of second degree assault. Dkt. 11, ex. 12, at 1. After a trial, the jury convicted petitioner of one count of first degree burglary, three counts of unlawful imprisonment, and three counts of fourth degree assault. Dkt. 11, ex. 1. The trial court sentenced petitioner to 75 months' confinement. *Id.*

B.  *Direct review*

Petitioner appealed. Through counsel, he argued that the trial court erred in denying his motion to dismiss several charges due to prosecutorial vindictiveness and that the trial court erred in calculating his offender score for sentencing purposes. Dkt. 11, ex. 2. Petitioner filed a pro se statement of additional grounds for review, which presented the following issues:

> Here, the main argument is that the officers did not possess probable cause at the time of the arrest and they held the accused in jail for an unreasonable length of time in order to procure evidence of probable cause and he believes that if he had an attorney afforded and a preliminary appearance, the state would not have been able to meet their burden of proof on probable cause and the evidence obtained thereafter would have been suppressed as fruits of an unlawful search and seizure. He further claims that he did not receive any determination of probable cause at any point and then he was denied the right to have counsel present as his arraignment where he demanded that the be allowed his attorney, Natalie Terrantino, to be present. He claims that he never entered a plea of not guilty,

REPORT AND RECOMMENDATION – 2

> that he refused to enter a plea without his attorney and he never signed the papers. Therefore, it does not appear anywhere in the record that the court obtained lawful jurisdiction over the person or subject matter before the court. The Appellant claims that he was not thereafter afforded effective assistance of appointed counsel at the trial court level since had that attorney listened to her client, she would have filed the proper motions and held the state to their burden of proof and it would have left the court with no other choice but to find a violation of the Fourth Amendment, supra, and order that the evidence obtained after the arrest must be excluded. The state had the burden to prove that the delay in conducting a preliminary appearance was not intended to be used to procure a bona fide emergency puts the assumption of prejudice on the state to say that the state did use the delay in providing counsel and an opportunity to test probable cause for the sole purpose of obtaining other evidence to support probable cause. . . . [Petitioner] also asserts that he is entitled to effective assistance of counsel on appeal and that counsel on appeal should have argued that the trial counsel was not effective due to the fact that there is not any conceivable trial strategy for failing to conduct a suppression hearing.

Dkt. 11, ex. 3, at 6. A commissioner of the court of appeals issued a ruling affirming plaintiff's convictions. Dkt. 11, ex. 5. Plaintiff moved to modify the commissioner's ruling, presenting the same arguments as in his statement of additional grounds and the following additional arguments: the trial court erred in not giving petitioner 911 tapes, petitioner was prejudiced by the trial judge's remarks on February 24, 2005, petitioner was prejudiced by "unlawful imprisonment due to fundamental defect which inherently results in a complete miscarriage of justice," petitioner's 4th and 14th amendment rights were violated, and petitioner was unlawfully imprisoned. Dkt. 11, ex. 6. The court of appeals denied the motion. Dkt. 11, ex. 7.

Petitioner sought discretionary review in the Washington State Supreme Court. Dkt. 11, ex. 8. He presented the following issues:

> Tomas Afeworki was held for 17 days without being provided with an opportunity to speak with an attorney or appear in court as required by the United States Supreme Court Ruling in, Gerstein v. Pugh, 420 U.S. 103 . . . .
>
> . . .
>
> No. 1 Trial court errored in not giving appellant 911 tapes,
> No. 2 Appellant was prejudiced by judges remarks February 24, 2005 . . .

REPORT AND RECOMMENDATION – 3

> No. 3 Prejudice unlawful imprisonment due to fundamental defect which inherently results in complete miscarriage of justice . . . .
> No. 4 Constitutional Errors: 4, 14, amendment violations, due process . . . . (No transcripts exist for probable cause.)
> No. 5 Denied preliminary appearance. Ineffectiveness of counsel, . . . trial attorney refused to argue jurisdiction on February 24, 2005 hearing for dismissal. Also appellant attorney refused to argue jurisdiction.
> No. 6 prejudice
>
> . . .
>
> On Mr. Afeworki's first appearance, January 24, 2005, (17 days after arrest), he requested that he be provided his appointed counsel, Natalie Terrantino, and was denied that right. He was objecting when a person who failed to identify theirself for the record at any time, (Identified by the stenographer only on the first page of the verbatim report of proceedings and named therein as Susan Gaer, unknown to the defendant and clearly not given any permission to make any appearance on his behalf by anyone.), attempted to waive his rights. . . . This person claimed several factual issues that were not true such as receiving a copy of the "INFORMATION" and attempting to waive formal reading of the document, as well as claiming that the accused was refusing to sign papers when infact he was demanding counsel to represent him. The Court proceeded upon Susan Gaer's request to conduct an arraignment. The accused refused to enter a plea and continued to demand counsel. . . . There is no record any one ever reviewed a statement of probable cause.

*Id.* The petition for review also contained the same arguments as petitioner's statement of additional grounds. *Id.* The court denied review without comment. Dkt. 11, ex. 9.

*C.    Collateral review*

Petitioner subsequently filed a personal restraint petitioner ("PRP") in the court of appeals. Dkt. 11, ex. 10. He presented the following grounds for relief:

> (1) Prejudice by court denying equal protection by denying a Preliminary Appearance and probable cause determination which resulted in [loss] of a very important witness for Defense.
> (2) Constitutional errors (4th, 6th, 14, constitutional rights violated) [Mr.] Afeworki was not provided counsel, was not provided a preliminary appearance nor a probable cause determination.
> (3) Violation due process (No transcripts for probable cause exist. State v. Larson (1963) 62wn2d,64.) Held unlawfully due to fundamental defect which inherently results in complete miscarriage of justice.
> (4) Ineffective assistance of Counsel both trial counsel and appeal attorney

REPORT AND RECOMMENDATION – 4

refused to argue issues important to Mr. Afeworki such as [loss] of witness, jurisdiction, prejudice and constitutional violation even though they were directed to be Mr. Afeworki.

*Id.* The court dismissed the petition. Dkt. 11, ex. 12.

Petitioner sought discretionary review in the state supreme court. Dkt. 11, ex. 13. He presented the same issues for review as he presented in his PRP. *Id.* The court denied review. Dkt. 11, ex. 14.

Petitioner now seeks relief in this 28 U.S.C. § 2254 petition for writ of habeas corpus.

## II. GROUNDS FOR REVIEW

Petitioner presents the following grounds in his petition:

> GROUND ONE: Prejudice
> Prejudice by Court denying Equal Protection – By denying a preliminary appearance and probable cause determination which resulted in loss of a very important witness for Defense – Court did not have Jurisdiction, no transcripts for probable cause exist, "Held illegally."
>
> . . .
>
> GROUND TWO: Constitutional errors 4th, 6th, 14th
> Was not provided counsel, was not provided a preliminary appearance, was not provided probable cause determination, Held illegally for 17 days without seeing court, didn't even receive counsel for 21 days. "Held with no record of any probable cause determination.
>
> . . .
>
> GROUND THREE: Violation due Process rights
> Violation due process (No transcripts for probable cause exists). Held unlawfully due to fundamental defect which Inherently results in complete miscarriage of Justice.
>
> . . .
>
> GROUND FOUR: Ineffective Assistance of Counsel
> Ineffective Assistance of Counsel Both trial and Appeal Attorney Refused to Argue Issues Important to Mr. Afeworki such as loss of witness, Jurisdiction, prejudice, and constitutional violations. Even though they were directed to by Mr. Afeworki, leaving Mr. Afeworki to go Pro se. And put in Pro se Attempt of motions.

REPORT AND RECOMMENDATION – 5

Dkt. 4 at 6-11.

Because the claims as petitioner presents them overlap and repeat to some degree, the Court will consider the claims as follows: (1) whether petitioner was prejudiced by denial of a preliminary appearance and probable cause determination, (2) whether the trial court had jurisdiction, (3) whether petitioner was prejudiced by the lack of transcripts for the probable cause determination, (4) whether petitioner was denied counsel at his arraignment, (5) whether petitioner was improperly detained for 17 days without appearing before a court, (6) whether plaintiff was denied counsel for 21 days, and (7) whether petitioner received ineffective assistance of counsel at trial and on appeal.

## III. EXHAUSTION

In order for a federal district court to review the merits of a § 2254 petition, the petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). The purpose of the exhaustion doctrine is to preserve federal-state comity which, in this setting, provides state courts an initial opportunity to correct violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by either (1) fairly and fully presenting each of his federal claims to the highest state court from which a decision can be rendered, or (2) demonstrating that no state remedies are available to him. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A petitioner fairly and fully presents a claim if he submits it "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *O'Sullivan v.*

REPORT AND RECOMMENDATION – 6

*Boerckel*, 526 U.S. 838, 845 (1999); *see also Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) ("[T]o exhaust a habeas claim, a petitioner must properly raise it *on every level* of direct review." (emphasis added)). A habeas petitioner must explicitly identify the federal basis of his claims either by identifying specific portions of the federal Constitution or statutes or by citing federal or state case law that analyzes the federal Constitution. *Insyxiengmay*, 403 F.3d at 668. Alluding to broad constitutional principles, without more, does not satisfy the exhaustion requirement. *Id*. Although *pro se* petitioners may be entitled to more leniency than habeas petitioners with counsel, *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), such petitioners ordinarily do not satisfy the exhaustion requirement if the state court must read beyond their motion in order to ascertain their claims. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Respondent concedes that petitioner has "arguably" exhausted his first, third, fourth, and seventh claims, but argues that petitioner failed to exhaust his second, fifth, and sixth claims. Petitioner asserts that he has exhausted all his claims by presenting them to every level of the state courts.

Petitioner presented his second claim, that the trial court lacked jurisdiction, to the court of appeals and supreme court in his statement of additional grounds for review and petition for review, *see* Dkt. 11, exs. 3, 8, but he did not explicitly identify a federal basis for the claim before either court. Petitioner did not present this claim in his PRP. The Court therefore finds that petitioner failed to exhaust this claim. *See Insyxiengmay*, 403 F.3d at 668.

Petitioner presented his fifth claim, that he was held illegally for 17 days without appearing before a court, to the court of appeals and supreme court on direct appeal in his statement of additional grounds for review and petition for discretionary review. *See* Dkt. 11, exs. 3, 8. He did not explicitly identify a federal basis for the claim in the court of appeals, but he did identify a

REPORT AND RECOMMENDATION – 7

federal basis for the claim in his petition for discretionary review. Petitioner did not present this claim in his PRP or petition for review of the denial of his PRP. Because petitioner raised this constitutional claim for the first and only time to the state's highest court in a petition for discretionary review, he did not properly raise the claim on every level of review. The Court therefore finds that petitioner failed to exhaust this claim. *See Casey*, 386 F.3d at 916.

Petitioner presented a claim in his PRP that his Sixth Amendment right to counsel was violated. Dkt. 11, ex. 10. In his statement of the case, petitioner stated that he

> was held in custody unlawfully without ever speaking to counsel . . . . On Mr. Afeworki's first appearance to court on January 24, 2005 (17 days after being arrested), Mr. Afeworki requested that he be provided his attorney . . . and an unknown person later identified in verbatim reports of proceedings as Susan Gaer attempted to wave [sic] Mr. Afeworki's rights. . . . Susan Gaer was not Mr. Afeworki's attorney.

*Id.* at 3-4. He repeated this claim and statement of the case in his petition for review of his PRP. Dkt. 11, ex. 13. Reading the PRP and petition for review with leniency, the Court finds that petitioner provided the proper factual and legal basis for this claim. *See Insyxiengmay*, 403 F.3d at 668. The Court therefore finds that petitioner exhausted his sixth claim, that he did not receive counsel for 21 days.

The Court further finds that petitioner has exhausted his remaining claims.

## IV. STANDARD OF REVIEW FOR EXHAUSTED CLAIMS

A federal court may grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in state court only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A state court ruling is contrary to clearly established federal law if the state court either

REPORT AND RECOMMENDATION – 8

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. To be an unreasonable application of Supreme Court precedent, the state court's decision must be "more than incorrect or erroneous." *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005). Rather, it must be objectively unreasonable. *Lockyear v. Andrade*, 538 U.S. 63, 69 (2003).

In determining whether a state court decision was based on an unreasonable determination of the facts in light of the evidence, a federal habeas court must presume that state court factual findings are correct. 28 U.S.C. § 2254(e)(1). A federal court may not overturn state court findings of fact "absent clear and convincing evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

When applying these standards, a federal habeas court reviews the "last reasoned decision by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

V.  DISCUSSION

*A.  Denial of preliminary appearance and probable cause determination*

Petitioner argues that he was prejudiced and denied equal protection by the denial of a preliminary appearance and probable cause determination, which resulted in the loss of an important defense witness.

Before trial, petitioner moved to dismiss the charges because of the failure to provide him with a timely preliminary appearance. Dkt. 11, ex. 11, attach. 11. The trial court denied the

REPORT AND RECOMMENDATION – 9

motion, finding that there was no prejudice to petitioner's rights that materially affected his right to a fair trial. Dkt. 11, ex. 11, attach. 16, at 18-19. The trial court found that petitioner was provided counsel right away, that he was given documents informing him of what was happening in his case, that the commissioner made a probable cause determination, and that petitioner's counsel could have challenged the probable cause determination but did not. *Id.*

On direct appeal, in his statement of additional grounds for review, petitioner argued that all the evidence against him should be suppressed because there was no warrant or probable cause for his arrest and because he was not given a timely preliminary appearance. Dkt. 11, ex. 3. The court of appeals rejected this claim, finding that petitioner did not demonstrate that police lacked probable cause to arrest him as he ran from the scene of the robbery, he did not provide any authority that the remedy for a violation of the state-law 48-hour preliminary appearance standard is exclusion of evidence, and, even if exclusion of evidence was a remedy, he did not establish what critical evidence was obtained more than 48 hours after his arrest. Dkt. 11, ex. 5, at 8.

In the order dismissing petitioner's PRP, the court of appeals declined to consider petitioner's argument that conducting the preliminary appearance in his absence violated his equal protection and due process rights because petitioner had raised essentially the same arguments in his statement of additional grounds for review. Dkt. 11, ex. 12, at 2. The court also found that petitioner had failed to support his claim that the denial of a preliminary appearance and probable cause determination caused the loss of a defense witness because petitioner failed to establish what the prospective witness would have said had he been called to testify. *Id.*

Petitioner asserts that he was denied a probable cause determination. But the state courts found that a district court commissioner determined there was probable cause to detain petitioner. Petitioner has not shown that this factual finding was unreasonable in light of the evidence. Along

with his motion to dismiss the charges against him, petitioner submitted to the trial court a docket sheet reflecting that a probable cause hearing took place in Everett District Court before Commissioner Moon on January 9, 2005, two days after plaintiff's arrest. Dkt. 11, ex. 11, attach. 11. The docket sheet states that petitioner was not present at the hearing and that the commissioner found probable cause and set bail at $100,000. *Id.* The state court finding that a probable cause determination was made was objectively reasonable, and this Court will not overturn it. *See Miller-El*, 537 U.S. at 340.

In addition, petitioner has not shown that the state courts' adjudication of this claim was contrary to or an unreasonable application of United States Supreme Court precedent. Petitioner asserts that the failure to give a preliminary hearing and probable cause determination is contrary to *Gerstein v. Pugh*, 420 U.S. 103, 120 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). In *Gerstein*, the Court held that the Fourth Amendment requires a judicial determination of probable cause, either before or promptly after arrest, as a prerequisite to detention, but that the probable cause hearing may be a non-adversarial proceeding.[1] *Gerstein*, 420 U.S. at 125-26. In *McLaughlin*, the Court held that a jurisdiction that provides a judicial determination of probable cause within 48 hours of arrest will, in general, comply with *Gerstein*'s promptness requirement. *McLaughlin*, 500 U.S. at 56. The Court did not hold, in either case, that the Constitution mandates the defendant's presence at the probable cause hearing, or that the remedy for failure to provide for a defendant's presence at the probable cause hearing is dismissal of the charges or suppression of evidence.

In *Powell v. Nevada*, 511 U.S. 79 (1994), the defendant's probable cause determination

---

[1] The Court also noted that, because of its limited function and non-adversarial character, the probable cause determination is not a critical stage of the prosecution that requires appointed counsel. *Gerstein*, 420 U.S. at 122.

REPORT AND RECOMMENDATION – 11

occurred 4 days after his arrest and his initial appearance before a judge occurred 10 days after his arrest. The Court held that *McLaughlin*'s 48-hour rule applied retroactively and thus the delay in the probable cause determination was presumptively unreasonable. *Id.* at 83-84. But the Court did not address the defendant's absence from the probable cause hearing, even though the delay in providing an initial appearance was a violation of the applicable state law.[2]

A probable cause determination occurred within two days of petitioner's arrest, and a judge found probable cause to detain petitioner. In the absence of clearly established United States Supreme Court precedent requiring a defendant's presence at a probable cause hearing, this Court will not overturn the state court rulings denying this claim.

B.  *Lack of transcripts for probable cause determination*

Petitioner argues that he was prejudiced and denied equal protection by the lack of transcripts for the probable cause hearing. In support of this claim, petitioner cites to only a Washington State Supreme Court case; he points to no United States Supreme Court precedent holding that federal law requires a verbatim transcript of a probable cause hearing. To the contrary, the United States Supreme Court has held a probable cause determination need not be a formal proceeding, and a defendant is not entitled to the full range of adversary safeguards at a probable cause determination. *Gerstein*, 420 U.S. at 120. Petitioner has not shown that the failure to provide transcripts for the probable cause hearing provides a basis for federal habeas relief.

C.  *Denial of counsel at arraignment*

Petitioner asserts that he was denied counsel at his arraignment. Petitioner claims that a person later identified as Susan Gaer appeared at his arraignment, that Ms. Gaer "was interrupting

---

[2] The Ninth Circuit has noted that a suspect does not have a constitutional right to personally appear at a post-arrest probable cause determination. *See Jones v. City of Santa Monica*, 382 F.3d 1052, 1055 (9th Cir. 2004) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 969-70 (7th Cir. 1994); *King v. Jones*, 824 F.2d 327 (4th Cir. 1987)).

REPORT AND RECOMMENDATION – 12

and sabotaging" his effort to obtain counsel, and that she never spoke with him. Dkt. 12 at 6.

Arraignment is generally a critical stage of the prosecution, such that a defendant is entitled to the appointment of counsel. *See Hamilton v. Alabama*, 368 U.S. 52, 53-55 (1961). But an indigent defendant has no constitutional right to be represented by counsel of his choice. *Caplin & Drysdale, Chartered, v. United States*, 491 U.S. 617, 624 (1989). Nor is a defendant entitled to a "meaningful relationship" with appointed counsel. *Morris v. Slappy*, 461 U.S. 1, 13 (1983).

The evidence shows that the Snohomish County Public Defender Association, by and through Natalie Tarantino, filed a notice of appearance on petitioner's behalf on January 11, 2005. Dkt. 11, ex. 11, attach. 12. A superior court docket sheet reflects that Susan Gaer represented petitioner at his arraignment on January 24, 2005. Dkt. 11, ex. 11, attach. 14. Petitioner's complaint focuses on the fact that Ms. Gaer, rather than Ms. Tarantino, represented him at his arraignment, and that she did not consult with him before the hearing. But petitioner has not shown that the substitution of Ms. Gaer for Ms. Tarantino, or the manner of Ms. Gaer's representation, constituted a denial of his right to counsel. Petitioner has not shown that he is entitled to habeas relief on this claim.

D.   *Denial of counsel for 21 days*

Petitioner also asserts that he was denied counsel for 21 days after his arrest. As with his claim that he was denied counsel at his arraignment, this claim is without merit. The evidence shows that the Snohomish County Public Defender Association, by and through Natalie Tarantino, filed a notice of appearance on petitioner's behalf on January 11, 2005. Dkt. 11, ex. 11, attach. 12. The following day, petitioner signed a Notice of Desire Not to Be Interrogated, which stated: "I am being represented by the Snohomish County Public Defender Association." *Id.* As discussed

above, Susan Gaer appeared on petitioner's behalf at his arraignment. Dkt. 11, ex. 11, attach. 14. It appears that Ms. Tarrantino represented petitioner thereafter, appearing at the February 24, 2005 hearing, until petitioner filed a motion for a new attorney, which the trial court granted on June 2, 2005. Dkt. 11, ex. 11, attachs. 16-18. Petitioner has not shown that he is entitled to habeas relief on this claim.

E.  *Ineffective assistance of counsel*

Petitioner claims that he was denied effective assistance of counsel at trial and on appeal. Specifically, he argues that both trial counsel and appellate counsel "refused to argue issues important to Mr. Afeworki such as loss of witness, jurisdiction, prejudice, and constitutional violations." Dkt. 4 at 11.

A defendant claiming ineffective assistance of counsel must demonstrate: (1) that his counsel's performance was deficient, *i.e.*, that it was outside the wide range of professionally competent assistance; and (2) that the deficient performance prejudiced the defense, *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. With respect to the second prong, prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir.1984). Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other. *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

REPORT AND RECOMMENDATION – 14

In the ruling denying petitioner's direct appeal, the court of appeals found that petitioner's attorney moved to dismiss the case based on the lack of a timely preliminary appearance. Dkt. 11, ex. 5, at 8. The court found that petitioner had not shown that counsel's decision not to pursue a motion to suppress the evidence based on the lack of a timely preliminary appearance was below the standard of practice or would have resulted in a different outcome. *Id.*

In the order dismissing petitioner's PRP, the court of appeals declined to consider petitioner's argument that his trial counsel was ineffective for failing to adequately object to the procedural irregularities because petitioner had raised essentially the same arguments in his statement of additional grounds for review. Dkt. 11, ex. 12, at 2. The court also considered petitioner's argument that his appellate counsel was ineffective for failing to raise these issues on appeal. The court found that the claims petitioner argued his appellate counsel should have raised were in fact actually considered and rejected; thus, petitioner could not show that that the outcome of his appeal would have been different had counsel raised the issues. *Id.* at 3.

Petitioner's trial counsel vigorously argued that the failure to provide petitioner with a timely preliminary appearance was a violation of petitioner's equal protection and due process rights and, thus, the charges against him should be dismissed. Dkt. 11, ex. 11, attach. 16, at 3-9. The trial court was "disturbed" by the fact that petitioner did not come before a court for 17 days and disagreed with the procedure, but ultimately found that petitioner's right to a fair trial was not materially prejudiced. *Id.* at 18. As discussed above, petitioner has not shown that clearly established United States Supreme Court precedent mandates his presence at the probable cause hearing or sets a specific time period within which a defendant must have an initial appearance. Thus, he has not shown a reasonable probability that the result would have been different had counsel made the arguments petitioner requested. And petitioner's disagreement with the tactics

counsel used or the specific arguments she made cannot form the basis of an ineffective assistance claim. *Guam*, 741 F.2d at 1169. Petitioner's claim that his appellate counsel was ineffective suffers from similar defects. Petitioner has not shown that appellate counsel's failure to raise the specific claims petitioner wanted to raise was deficient, or that the result would have been different had counsel pursued them. The state court reasonably concluded that petitioner's trial and appellate counsel did not perform deficiently and that, in any event, petitioner was not prejudiced by counsel's allegedly deficient conduct. Accordingly, petitioner has not shown that he is entitled to habeas relief on this ground.

## VI. CONCLUSION

For the reasons set forth above, the Court recommends that petitioner's § 2254 habeas petition (Dkt. 4) be DENIED and this action DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 4th day of September, 2009.

                                                  s/ BRIAN A. TSUCHIDA
                                                  United States Magistrate Judge